297 So.2d 225 (1974)
Jim WELLS, Plaintiff-Appellee,
v.
TRADERS AND GENERAL INSURANCE COMPANY et al., Defendants-Appellants.
No. 4579.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1974.
*226 Gold, Hall, Hammill & Little by James D. Davis, Alexandria, for defendants-appellants.
Jack L. Simms, Jr., Leesville, for plaintiff-appellee.
Before FRUGÉ, DOMENGEAUX, and WATSON, JJ.
FRUGÉ, Judge.
This is one of four suits arising out of a rear-end automobile collision in Vernon Parish, Louisiana. The four suits were consolidated for the purposes of trial and appeal. We are deciding all cases this date, and in this opinion we will discuss issues common to these companion appeals.
The accident occurred on Louisiana Highway 8, east of Leesville, Louisiana, at approximately 7:30 P.M. on November 6, 1970. A 1968 Chrysler owned and driven by Jim Wells (insured by Maryland Casualty Company) was struck in the rear by a 1964 Ford driven by Gary W. Martin (insured by Traders and General). Gary Martin was alone in his vehicle at the time. Mr. Ollie J. Wood, Jr., and Mrs. Doris Madeline Wells were guest passengers in the Chrysler driven by Mr. Wells. Mr. Wood and Mrs. Wells are plaintiffs in separate suits as is Maryland Casualty Company, all of which are consolidated with this suit.
Prior to this accident, Ollie J. Wood, Jr., while traveling east on this highway struck a cow. The accident was severe enough to disable his car, although he managed to drive it some distance after impact. Mr. Wood sought aid in the area and requested the use of a telephone at the residence of a party not involved in these law suits. While at this residence, Mr. Wood met Mr. and Mrs. Wells who agreed or volunteered to assist him in determining whether the cow was obstructing the highway.
*227 Mr. Wells, Mrs. Wells and Mr. Wood proceeded on Louisiana Highway 8 in a westerly direction in an attempt to find the animal. They approached the scene of the collision with the animal and were unable to find it. Shortly thereafter, Mr. Wood turned his vehicle around and proceeded in an easterly direction.
After traversing about a quarter of a mile, the Chrysler driven by Wells was struck by the Martin vehicle. The Wells vehicle overturned into a ditch along the south side of the highway. The Martin vehicle continued on past the point of impact and came to a halt in the ditch on the north side of the highway.
The impact occurred on the eastern slope of a hill near an old gravel pit about 100 feet beyond the crest of the hill. State Police Troopers testified that the Martin vehicle skidded 183 feet prior to impact, then another 75 feet sideways on the road, and then another 45 feet before coming to rest in the ditch. The Chrysler driven by Mr. Wells traveled 45 feet on the grassy shoulder, overturned once and came to rest on its wheels facing a northerly direction.
Louisiana Highway 8 is a black-topped road providing two narrow lanes of travel in opposite directions, divided by white dashed lines. At the time of the accident, the roadway was dry, the weather was clear, and it was dark.
This action was filed by Jim Wells to recover for his personal injuries and in his capacity as head and master of the community for the medical expenses and loss of wages suffered as a result of injuries to his wife and for property damages in the sum of $100 (the deductible portion of the collision insurance on his automobile).
Doris Madeline Wells filed suit against Traders and General Insurance Company and Maryland Casualty Company (her husband's insurer) for personal injuries suffered as a result of the accident. This is suit No. 4580, 297 So.2d 229 (La.App. 3rd Cir., 1974), in which we render a separate judgment today.
The suit entitled Ollie J. Wood, Jr. v. Gary W. Martin et al, No. 4581, 297 So.2d 230 (La.App. 3rd Cir., 1974) is also consolidated with this suit, and we will render a separate judgment therein. Wood seeks recovery against Gary W. Martin and his insurer, and Jim Wells and his insurer for personal injuries and damages sustained as a result of the accident.
The suit of Maryland Casualty Company v. Gary Martin et al, No. 4582, 297 So.2d 230 (La.App. 3rd Cir., 1974) is also consolidated with this suit and a separate judgment will be rendered. This is an action to recover for the loss of the Wells vehicle, as a result of the collision.
Gary W. Martin and Traders and General Insurance Company have appealed alleging that the trial court erred in failing to restrict the judgment against Traders and General Insurance to its policy limits. Additionally, they allege that the trial court erred in failing to find contributory negligence on the part of Jim Wells and in finding negligence on the part of Gary W. Martin. In the alternative, they allege that the accident was caused by the joint and concurrent negligence of Jim Wells and Gary Martin.
Doris Madeline Wells has appealed the judgment of the trial court alleging that the trial court erred in finding the host driver, Mr. Wells, was not guilty of negligence causing the injuries sustained by her. She also seeks an increase in the award of damages for her injuries.
Ollie J. Wood appeals the judgment of the trial court alleging that the judgment in favor of Doris Madeline Wells should be restricted to the policy limits of Traders and General and alleges error in the finding of the trial court that the accident was not caused by the negligence of Jim Wells. Wood also seeks an increase in the award of damages in his favor.
The trial court found that the legal cause of the accident was the negligence of Gary W. Martin in proceeding at a high rate of speed at a time when it was unsafe for *228 him to do so. The trial court also found that Mr. Wells was free from negligence and was not proceeding at such an unreasonably slow rate of speed so as to cause an obstruction in the highway or as to be unsafe.
We will first discuss the trial court's finding that Jim Wells was free from negligence. Mr. and Mrs. Wells testified that after unsuccessully attempting to locate the disabled or dead cow in the road for Mr. Wood, they proceeded to turn around and travel in an easterly direction toward their home. While traveling between 25 and 30 m. p. h., Mr. Wells became aware of the eminent impact of the Martin vehicle and shouted a warning to the occupants of his vehicle. He depressed the accelerator and turned to the right in an attempt to avoid the collision, but was unsuccessful. Gary Martin testified he was unable to determine the movement of the Wells' automobile.
It is contended by counsel for defendants and counsel for plaintiff guest passengers that Mr. Wells was actually stopped or backing up on the road or traveling so slow as to create an obstruction in the highway in violation of LSA-R.S. 32:64(B). This statute prohibits the operation of a vehicle on the highways of this state at such a slow speed as to "impede the normal and reasonable movement of traffic". Mr. Wood testified that Wells was backing onto the highway at the time of the collision.
The trial court totally disregarded the testimony of Mr. Wood, finding him to be an unreliable witness. Mr. Wood's credibility, suffice it to say, is seriously challenged by the contradictory statements he gave at trial, in deposition, and to the insurance investigators. Also, Mr. Wood left the scene of the accident before the police arrived. We find no manifest error in the trial court's acceptance of the version of the accident given by Mr. and Mrs. Wells, as opposed to defendant Martin and plaintiff Wood. In fact, the testimony of Mrs. Wells, plaintiff in a separate action, actually supports the version of Mr. Wells.
The trial court concluded that the Wells vehicle was traveling at a comparatively slow rate of speed at the time of the accident. Apparently, the trial court believed that the speed was somewhere between 25 and 35 m. p. h. Although the trial court recognized the statute LSA-R.S. 32:64(B) prohibited driving so slowly as to cause a danger on the highways, it found that plaintiff did not impede the normal and reasonable movement of traffic on Louisiana Highway 8. We are in agreement with the trial court's conclusion.
Significant here is the fact that we are dealing with a rural highway, in a hilly area, which was open range. It is obvious that in rural areas traffic moves more slowly than on modern urban freeways or on the modern interstate highway systems. Further, slow moving farm equipment often travels the rural roads of this state. The statute by its terms is designed to apply to the situation and facts in each particular case. The normal and reasonable movement of traffic must be determined in each case in order to apropriately apply the statute to the facts. We believe that the trial judge was correct in the application of the statute under these facts.
It is obvious that the trial court was correct in finding that the negligence of Gary W. Martin was the legal cause of the accident in question. Martin failed to maintain a safe and reasonable speed which would have allowed him to maintain control of his vehicle and thereby avoid the collision. The Martin vehicle skidded some 183 feet before impact. The impact overturned the Chrysler and drove it 45 feet down the road. The Martin vehicle then careened some 75 feet further on the highway, and an additional 45 feet in the ditch. We find no manifest error in the conclusion of the trial court that Martin's excessive speed was the legal cause of this accident.
The trial court awarded Mrs. Wells $10,000 for general damages. Mrs. Wells received fractures of the fourth, fifth, and *229 sixth ribs, moderate to severe cervical and lumbar sprains, a fracture of the liver and multiple bruises and contusions. While in the hospital, Mrs. Wells developed traumatic pneumonitis (a form of pneumonia caused by trauma). Mrs. Wells had recovered from most of these sprains and tissue damages approximately a year from the date of the accident. The fractures had also healed well. The trial court's award of $10,000, while within the lower limits of its discretion, is not an abuse of that discretion. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
The trial court, however, failed to restrict the judgment in accordance with the terms of the insurance policy issued by Traders and General. The public liability policy is subject to a limit of $5,000 for injuries to any one person. Therefore, the judgment against Traders and General should have been limited to $5,000 for the injuries and special damages suffered by Mrs. Wells. This includes the lost wages of Mrs. Wells, the maid service, and hospital and medical expenses, which are covered by the policy clause. Fruge v. American Service Mutual Ins. Co., 227 So.2d 646 (La.App. 3rd Cir., 1969).
The trial court awarded Mr. Ollie Wood general damages in the amount of $1,250. Mr. Wood complains that the award is inadequate. We find that the trial court was well within its discretion in this award. The sole testimony on the injuries of Mr. Wood was that of Dr. Weiss, whose deposition is in the record. Dr. Weiss was of the opinion that the injury was very minimal. There were no severe contusions, no nerve root damage, and no spinal cord damage. Cervical traction was provided and Mr. Wood returned to work within five days.
Jim Wells and Maryland Casualty have neither appealed nor answered the appeals in these cases. Since we find the sole cause of the accident was the negligence of Gary W. Martin, Maryland Casualty is entitled to collect the sum of $1,810.80, which was stipulated at trial on the merits.
The judgment of the trial court is hereby amended to limit the award of damages to Mrs. Wells for personal injuries and to Jim Wells, as head and master of the community of acquets and gains existing between him and his wife, for special damages, plus legal interest on all sums from judicial demand until paid, against Traders and General Insurance Company to the sum of $5,000. In all other respects, the judgment of the trial court is hereby affirmed. All costs of this appeal are to be paid by the defendants-appellants.
Amended and affirmed.